Thomas J. Lynch, Esq. Informal Opinion Village Attorney No. 95-26 Village of Solvay Winkworth Professional Building 2700 Bellevue Avenue Syracuse, N Y 13219
Dear Mr. Lynch:
You have asked whether the superintendent of public works of the Village of Solvay was properly appointed. You state that the former superintendent resigned prior to the expiration of his term. The mayor then appointed a new superintendent in the absence of village board approval after conferring with the New York Conference of Mayors. You ask whether the mayor had the authority to fill the vacancy without board approval.
Village Law § 3-301(3) provides that the offices of mayor, trustee and village justice shall be elective offices and that all other officers shall be appointed by the mayor subject to the approval of the board of trustees. Thus, when the mayor appoints a superintendent of public works at the expiration of the prior officer's term, the village board must approve the appointment. See, Informal Opinion No. 88-79.
When a vacancy in an appointed office occurs for a reason other than the expiration of the current officer's term, Village Law §3-312(3) provides that the mayor shall make an appointment to fill the balance of the unexpired term. In this situation board approval is not required. In a prior opinion, we concluded that a village mayor could appoint a superintendent of public works without securing approval of the board if the appointment was made to fill the unexpired term of the prior superintendent. 1978 Op Atty Gen (Inf) 247, 248.
We conclude that the superintendent of public works was properly appointed by the mayor without board approval because the appointment was to fill a vacancy created by the resignation of the former superintendent prior to the expiration of his term. We note that the superintendent may serve only the unexpired portion of the term. At the expiration of the prior officer's term, it will be necessary to appoint a superintendent to a new term with the approval of the village board.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General